**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**THOMAS JEREMIAH CARTER,**

**Plaintiff,**

**v.**

**Case No. 22-CV-490-JFH-CDL**

**CHUCK HOSKINS, JR.,**
**BRYAN WARNER,**
**SAM HIDER HEALTH CLINIC,**
**W.W. HASTINGS HOSPITAL,**
**DR. R. STEPHEN JONES,**
**CHANDLER WELCH,**
**JOSH LOONEY,**
**SARA HILL,**
**CHRISSI NIMMO,**
**TRAVIS WATTS,**
**LEE ANNE BRUCE BOONE,**
**DR. GITANJALI PAI,**
**LISA LEEPER,**
**ANDY HALKO,**
**BUFFY HEATER,**
**JACKIE SHAWNEE,**
**KEITH REED,**
**MENDY SPOHN,**
**TINA JOHNSON,**
**JACKIE KANAK,**
**DR. LATRINA FRAZIER,**
**JAN FOX,**
**MICHAEL DEREMER,**
**DR. FAUZIA KHAN,**
**DR. JARED TAYLOR,**
**JOLIANNE STONE,**
**KENDRA DOUGHERTY,**
**MYKEL FRY,**
**LINA LONG,**
**DR. DAVID R. GAHN,**
**DR. ROSS OGDEN,**
**DR. BRADY GARRETT,**
**DR. TERRENCE K. KOMINSKY, and**
**DR. ASHLEY L. COMIFORD,**

**Defendants.**

**ORDER**

Before the Court are a notice of voluntary dismissal without prejudice ("Dismissal") filed by Plaintiff Thomas Jeremiah Carter ("Carter") [Dkt. No. 17] and two motions to dismiss filed by two groups of Defendants [Dkt. No. 18 ("State Defendants"); Dkt. No. 19 ("Cherokee Defendants")].

Carter filed the Dismissal on June 30, 2023. Dkt. No. 17. It states "Plaintiff Thomas J. Carter, pursuant to *Fed. R. Civ. P. 41 (a)(1)(A)(i) ("Rule 41(a)(1)(A)")*, hereby dismisses this action. Under *Rule 41(a)(1)(B)*, this dismissal is without prejudice." *Id.* at 2 (emphasis in original). The Court construes this to be a blanket dismissal of the entire case and all Defendants.

Subsequently to the Dismissal, the State Defendants and Cherokee Defendants filed their motions to dismiss. Dkt. No. 18; Dkt. No. 19. Carter never filed responses to these motions and has not otherwise filed anything in the case since June 30, 2023.

Under the Federal Rule of Civil Procedure that Carter cited in his Dismissal, a "plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Filing a motion to dismiss does not affect application of this rule. *See De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) (noting that because the defendant had filed a motion to dismiss rather than an answer or motion for summary judgment, the plaintiff "could have dismissed the case unilaterally under Rule 41(a)(1)(A)(i)"). Dismissal under Rule 41(a)(1)(A)(i) "is self-executing and immediately strips the district court of jurisdiction over the merits." *Id.* at 1283. Thus, the motions to dismiss are moot.

IT IS THEREFORE ORDERED that the Dismissal [Dkt. No. 17] is effective. Judgment of dismissal without prejudice will be entered separately.

IT IS FURTHER ORDERED that the two motions to dismiss [Dkt. No. 18; Dkt. No. 19] are DENIED AS MOOT.

Dated this 23rd day of May 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE